UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TALMADGE DERRELL BARNES,

      Petitioner,      Case No. 1:24-cv-12471

v.

                Honorable Thomas L. Ludington
                United States District Judge

ERIC RARDIN,
      Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

On February 27, 2017, Petitioner Talmadge Derrell Barnes pleaded guilty to possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). *United States v. Barnes*, No. 16-20387, 2021 WL 243161, at *1 (E.D. Mich. Jan. 25, 2021). He was sentenced to 145 months of imprisonment and three years of supervised release. *See id.*

On September 20, 2024—while confined at FCI Milan in Michigan—Petitioner filed a *pro se* petition for a writ of habeas corpus. ECF No. 1. Petitioner alleges that he was "scheduled to transfer to [a] halfway house" on October 3, 2024, but the Federal Bureau of Prisons (BOP) rescheduled his transfer to April 2025 "due to a lack of available bed space." *Id.* at PageID.2. As a result, Petitioner argues, the BOP "violated the governing federal statutes[] by failing to effect his immediate transfer to prerelease custody." *Id.* at PageID.6. Ultimately, Petitioner seeks immediate placement in home confinement because "the program statement says" that the "unit team shall transfer inmates to home confinement when no bed space is available." *Id*. at PageID.8.

Under 28 U.S.C. § 2241, federal prisoners may petition for writs of habeas corpus challenging the legality of "the manner in which" their "sentence is [being] executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *see*

*also Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 779–80 (E.D. Mich. 2008). But before filing these petitions, prisoners must fully exhaust any available administrative remedies unless doing so would be futile. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Failure to exhaust administrative remedies is an affirmative defense, and a district court may not summarily dismiss a § 2241 petition for failure to plead exhaustion. *Luedtke*, 704 F.3d at 466. But a district court may summarily dismiss a § 2241 petition for failure to exhaust when it is apparent on the face of the pleading that the petitioner did not do so. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, at *2 (6th Cir. Dec. 11, 2020) (denying a certificate of appealability where the district court summarily dismissed a § 2254 petition on exhaustion grounds); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (collecting cases and affirming summary dismissal of § 2241 petition on exhaustion grounds).

The BOP provides federal prisoners with a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the prison warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is unsatisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the Regional Director, who then has 30 days to respond. *See* 28 C.F.R. 542.15, 542.18. If the prisoner is unsatisfied with the Regional Director's response, the prisoner may file a BP-11 Form to appeal to the General Counsel, who then has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

Here, it is facially apparent that Petitioner did not exhaust the BOP's administrative remedies before he filed the Petition. Indeed, the Petitioner admits that he has not exhausted the BOP's available administrative remedies. ECF No. 1 at PageID.2–3, 8. Petitioner simply requests

that this Court allow him to "bypass" the administrative remedies exhaustion requirements. *Id.* at PageID.8. But without Petitioner showing that attempting to exhaust the administrative remedies would be futile—which Petitioner has not done—this Court cannot allow him to "bypass" this requirement. *See Palm v. Rardin*, No. 1:24-CV-12651, 2025 WL 1364376, at *2 (E.D. Mich. Apr. 30, 2025). So the Petition, ECF No. 1, will be dismissed without prejudice.

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case**.

Dated: June 17, 2025                         s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge